UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:21-cr-00363-CEH-SPF

MATEUS FERNANDES EVANGELISTA DA SILVA,

   Defendant.
_____/

**ORDER**

    Before the Court is Defendant Mateus Fernandes Da Silva's Motion to Disqualify Magistrate Judge (Doc. 102). Citing 28 U.S.C. § 455(a), Defendant asserts "it would be inappropriate for the Honorable Magistrate Judge Sean P. Flynn to hold an evidentiary hearing and rule on a motion to suppress related to a search a warrant that he approved. This reasoning also applies to Judge Flynn ruling on the Motion to Dismiss filed in this case, because the affidavit in support of the search warrant approved by Judge Flynn detailed many of the facts that are subject to the motion to dismiss, where defense is arguing government overreach." (*Id.* at 2). Upon consideration, the motion is DENIED.

    A "magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Congress required that a judge's impartiality must "reasonably be questioned" for the judge to recuse, because "there is the need to prevent parties from ... manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Carter v. W. Pub. Co.*, No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999) (quoting *FDIC v. Sweeney* 136 F.3d 216, 220 (1st Cir.1998)).

Defendant seeks disqualification on the sole basis that the undersigned authorized a search warrant that is now the subject of a motion to suppress. The Supreme Court, however, has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994); *see Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). Instead, the judge's bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter*, 906 F.2d at 678.

Moreover, "Federal Courts across the United States have consistently held that a judge who issues a search warrant is not necessarily required to recuse him-or herself from later presiding over matters arising in a subsequent criminal case against an individual who was affected by the search warrant." *United States v. Mathis*, No. 18CR181DWFLIB, 2018 WL 4473529, at *10 (D. Minn. July 17, 2018), *report and recommendation adopted*, No. CR18181DWFLIB, 2018 WL 4062741 (D. Minn. Aug. 27, 2018); *see, e.g.*, *Smith v. Harrington*, No. CV 09-9209 SVW (JCG), 2010 WL 5776046, *4 (C.D. Cal. Aug. 30, 2010) ("[T]he Court is [not] aware of any requirement that a trial judge signing a search warrant recuse himself from later presiding over the case."); *United States v. Henry*, No. 1:08CR83-01, 2008 WL 5110856, *4 (N.D. W. V. Dec. 3, 2008) (rejecting defendants motion seeking recusal on the sole basis that the magistrate judge reviewed the affidavit and application for the search warrant in question and approved and issued the same; thereafter was called upon to review and did review the same during a suppression hearing and therein upheld the validity of the

search warrant and refused to suppress the evidence); *United States v. Hanhardt*, 134 F. Supp. 2d 972, 976 (N.D. Ill. 2001) (collecting cases holding that a district court's orders entered during pre-indictment investigations do not necessarily warrant that court's later recusal); *see generally Cano v. Sec'y, Dep't of Corr.*, No. 8:17-CV-2436-T-60JSS, 2020 WL 6134225, at *13 (M.D. Fla. Oct. 19, 2020 (holding that, absent additional circumstances, the fact that a state trial judge issued a search warrant is not grounds to require disqualification of that judge from hearing a motion to suppress evidence obtained as a result of the search warrant).

Under the circumstances presented here, disqualification is not warranted. Accordingly, it is hereby

**ORDERED**:

Defendant Mateus Fernandes Da Silva's Motion to Disqualify Magistrate Judge (Doc. 102) is **DENIED**.

**ORDERED** in Tampa, Florida, this 29th day of December 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE